**The District Court of the 18th Judicial District.**
**County of Gallatin.**

STATE OF MONTANA,
 Plaintiff,         CAUSE NO. DC-08-272A
vs.             DECISION
MILES C. KINGMAN,
 Defendant.

On March 30, 2010, the defendant was sentenced as follows: Count I: Twenty (20) years in the Montana State Prison, for the offense of Aggravated Assault, a Felony. Defendant shall be ineligible for parole until he has successfully completed drug and alcohol/chemical dependency treatment, anger management, criminal thinking errors, and cognitive principals and restructuring or similar cognitive and behavioral modification program. The Defendant shall register as a violent offender pursuant to 46-23-504, MCA. Defendant shall pay restitution in the amount of $183,115.43.

On February 22, 2013, the defendant's application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court.

The defendant was present and was represented by Ed Sheehy, Jr. The state was represented by Marty Lambert.

Before hearing the application, the defendant was advised that the Sentence Review Division has the authority not only to reduce the sentence or affirm it, but also increase it. The defendant was further advised that there is no appeal from a decision of the Sentence Review Division. The defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division of the Supreme Court of Montana provides that "the sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (§46-18-904(3), MCA).

The Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

Therefore, it is the majority decision of the Sentence Review Division that the sentence shall be affirmed.

Done in open Court this 22nd day of February, 2013.

DATED this 6th day of March, 2013.

Chairperson, Hon. Loren Tucker and Member Hon. Kathy Seeley.

The Hon. Brad Newman dissents.

It is Judge Newman's opinion that the sentence is clearly inadequate. It is his decision that the sentences in DC-08-272 and DC-08-242 should run consecutively with each other, based on the defendant's extensive prior criminal history and the circumstances of the offenses as known to the sentencing judge in both cases. Concurrent sentences do not appear adequate to protect the public and to hold the defendant accountable for his continued criminal behavior. The defendant repeatedly puts community safety at risk by his intentional choices and conduct.